UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **AMIR AYARI,** § § § | **Civil Action No.:** 5:15-cv-00663 |
| Plaintiff, § § | |
| v. § § | |
| **CREDIT ONE BANK,** § § | **JURY TRIAL DEMANDED** |
| Defendant. § § § | |

# COMPLAINT

AMIR AYARI ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ONE BANK ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants conduct business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in San Antonio, Texas 78210.

6. Plaintiff is a a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for over one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around late June 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. During the relevant period, Defendant called Plaintiff on his cellular telephone, on average, ten (10) times each day.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system, as well as, automatic and/or pre-recorded messages.

16. Defendant's automated messages, when answered, would either be silent, or state; "We're calling from Credit One Bank."

17. Defendant's telephone calls were not made for "emergency purposes."

18.     On occasions in which Plaintiff was able to get a live representative on the line, it would request an unknown third party, at which point, Plaintiff would inform them that they were contacting the wrong person and request them to stop immediately.

19.     Despite the information relayed above, Defendant continued to contact Plaintiff on his cellular number.

20.     Plaintiff disputes having ever provided Defendant consent to call his cellular telephone.

21.     In the alternative, if Plaintiff gave consent to call, it was neither express or with knowledge and/or consent was revoked.

22.     Defendant's calls continued, however, on occasion being placed before 8:00 a.m. and after 9:00 p.m., as well as, on weekends.

23.     Upon information and belief, defendant conducts business in a manner which violates the telephone consumer protection act.

**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

24.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

26.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27.     Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff, after late June 2015, were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, AMIR AYARI, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, AMIR AYARI, demands a jury trial in this case.

                                       Respectfully submitted,

Dated: August 7, 2015           By: /s/ Amy L. Bennecoff Ginsburg
                                          Amy L. Bennecoff Ginsburg
                                          Kimmel & Silverman, P.C.
                                          30 East Butler Pike
                                          Ambler, Pennsylvania 19002
                                          Phone: (215) 540-8888
                                          Facsimile (877) 788-2864
                                          Email: aginsburg@creditlaw.com